**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
|     Plaintiff | * | |
| v. | * | Civil No.: 13-cv-2494-SAG |
| $259,988.61 IN U.S. CURRENCY | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION TO COMPEL DISCOVERY**

NOW COMES Claimants Charles Casey and Traci Casey, by and through their attorneys Anton L. Iamele and IAMELE & IAMELE, L.L.P. and David Hare and HARE AND WELCH, PC, and pursuant to Federal Rule of Civil Procedure 37 and Local Rule 104 moves for an order compelling the Plaintiff to respond to the Interrogatories and a Request for Production of Documents, and its grounds therefore states as follows:

1. On or about August 28, 2013, the United States of America initiated the instant forfeiture action against the identified defendant property under 21 U.S.C. § 881(a)(6). By way of the Complaint for Forfeiture, the government generally alleged that the defendant property was furnished for, derived from or associated with the sale of controlled substance analogues that were identified as illegal under the Controlled Substance Analogue Act.

2. Plaintiff's complaint was predicated on facts set forth in the "Declaration of Joseph S. O'Keefe, Special Agent of the Drug Enforcement Administration. According to Agent O'Keefe:

    a. The claimants operated a business known as "Puff & Stuff" with location at 174 North Center Street, Cumberland, Maryland; 130 North Mechanic Street, Cumberland, Maryland, 14401, National Highway, LaVale, Maryland; and 215 B. Virginia Avenue, Cumberland, Maryland.

    b. On April 23, 2012 an unidentified "undercover officer" purchased a product called "Wacky" from Puff and Stuff Store Located at 174 North Center Street. "Certified forensic chemists at the DEA Mid-Atlantic Laboratory chemically analyzed the [Wacky] and concluded that the active ingredient was AM-2201 and JWH210 which are analogues to JWH-018…."

    c. On April 17, 2012, an unidentified "undercover officer" purchased another product from the same store that was not subjected to any chemical analysis.

    d. On January 23, 2103, an unidentified "undercover officer" purchased products called "Dr. Greene's", "Crop Duster", "Chakra" and "Apple Bottom" from the Puff & Stuff Store located at 130 Mechanic Street.

    e. On January 23, 2103, an unidentified "undercover officer" purchased a product called "Crop Duster" Puff & Stuff Store located at 14401 National Highway.

    f. On February 27, 2103, an unidentified "undercover officer" purchased products called "Dr. Greene's" and "Apple Bottom" from the Puff & Stuff Store located at 215 B Virginia Avenue.

    g. That at some point, "Certified forensic chemists at the DEA Mid-Atlantic Laboratory chemically analyzed the [Dr. Geene's and Apple Bottom] and concluded that the active ingredient in it was UR-144, which is an analogue of JWH-018…."

    h. On March 7, 2013, law enforcement officers executed five search and seizure warrants and recovered various property and items including the defendant United States Currency.

3. Claimants Charles Casey and Traci Casey timely filed verified claims asserting an interest in the property that is the subject of the instant forfeiture action and denying the allegations set forth in the Plaintiff's Complaint.

4. In connection with the above referenced purchased and seizures, Claimant Charles Casey was charged with possession with intent to distribute CDS in the matter of *State of Maryland v. Charles Casey*, Circuit Court for Allegany County Case Number 01K13015265. The matter of the *State of Maryland v. Traci Lynn Casey*, Circuit Court for Allegany County Case Number 01K13015264 was also commenced following the above referenced purchases and seizures. The

State of Maryland elected not to prosecute either of these cases and they were both formally dismissed on December 17, 2013.

5. No other charges have been brought against the claimants.

6. This Court has issued a Scheduling Order provides for a deadline for the close of discovery of March 5, 2014.

7. The Claimants timely propounded Interrogatories, propounded Requests for Production of Documents, and Request for Admissions on November 12, 2013. This Discovery and the Certificates of Service are attached as Exhibit 1.  A copy of the Claimants discovery requests were emailed to Mr. Cassella the same day. Id.

8. Plaintiff had a duty under Rules 33, 34, and 36 of the Rules of Civil Procedure for the United States District Courts to answer separately and fully, in writing and under oath and serve a copy upon counsel for the Claimants within thirty (30) days of service.

9. On December 19, 2013, the undersigned counsel received an email from Assistant U.S. Attorney Stefan Cassella requesting an extension of time for Plaintiff to respond to the claimants' written discovery. Attached Exhibit 2.

10. The undersigned responded to the Plaintiff's request via email December 23, 2013 containing an attached letter (misdated as November 12, 2013). Attached Exhibit 3. The undersigned indicated that he had no objection to the Plaintiff's request for additional time to respond to the claimants' Interrogatories and Request for Production of Documents, but requested that Mr. Cassella provide some indication as to when the discovery would be answered. Id. The undersigned further advised Mr. Cassella that he would need a formal expert designation and access to certain materials that were being withheld from the claimants by the

State of Maryland, pursuant to Mr. Cassella's directive, in order to meet the claimants' discovery obligations. Id.

11. Mr. Cassella responded with an email dated December 23, 2013, in which he inquired whether the Claimants would like to stay discovery in the instant matter pending a determination as to whether any federal criminal charges were going to be filed. Id.

12. In a letter dated December 31, 2013, the undersigned informed Mr. Cassella that the Claimants would not agree to stay discovery of the above captioned case. Attached Exhibit 4. Because the United States government has seized all of the claimants' savings and monetary assets, they were and are not in a position to elongate the Scheduling Order in any fashion. Claimants have suffered extreme economic hardship since the defendant U.S. currency was seized. Claimants have been forced to enter the Food Stamps program in an effort to feed their children, and are currently attempting to avoid foreclosure on their home.

13. On January 16, 2014, Stefan D. Cassella, sent an e-mail to the undersigned indicating that Plaintiff was "continuing to compile the documents responsive [to] the remainder of your discovery requests and hope to have the bulk of it available to you in the next two weeks." Attached Exhibit 5.

14. The outstanding discovery was not answered during the month of January.

15.  On February 7, 2014, the undersigned counsel sent an e-mail communication to Mr. Cassella asking for some indication as to when the claimants' written discovery would be answered. Attached Exhibit 6. The undersigned further advised Mr. Cassella that he could not fully respond to discovery that had been propounded on the claimants without access to the materials were being held by the State of Maryland pursuant to Mr. Cassella's directive. Mr.

Cassella responded with an e-mail sent the same date in which he stated that the "DEA [will] have the bulk of the material that you requested... in the next week or so." Id.

16. As of the date of filing this Motion, the Plaintiff has not answered Interrogatories, Request for Production of Documents, nor responded to the Request for Admissions.

17. The Plaintiff's refusal to respond to written discovery has severely limited claimants' ability to proceed with the discovery process. Claimants have, among other things, been (1) denied access to the relevant and discoverable documentation; (2) precluded from identifying fact and expert witnesses; and (3) denied an opportunity to conduct necessary depositions.

18. Moreover, claimants' expert witnesses have not been afforded an opportunity to form complete opinions in the absence of Plaintiff's discovery responses. This case will turn, in large part, on scientific evidence as the compounds identified by Agent O'Keefe were not illegal at the time of the above referenced purchases or the time of the seizure. [1] Because there is no scientific consensus as to whether AM-2201 or UR-144 are analogues to JWH-018, it is imperative that claimants have an opportunity to examine all of the Plaintiff's evidence for purposes of fully forming expert opinions.

19. Plaintiff has unduly and irreparably prejudiced claimants by failing to respond to the outstanding written discovery.

WHEREFORE, Claimants Charles and Traci Casey request that this Honorable Court issue an Order compelling the Plaintiff to immediately answer Claimants First Set of Interrogatories and First Request for Production of Documents, or alternatively, grant any sanctions or alternative relief that it deems to be just and appropriate.

---

[1] AM-2201 was scheduled when the Synthetic Drug Abuse Prevention Act was enacted on July 9, 2012. On May 16, 2013, the Drug Enforcement Administration issued a final order to temporarily schedule UR-144. (Fed. Reg. 78 n. 95, pp. 28735-39 (May 16, 2013)).

Respectfully submitted,

IAMELE & IAMELE, LLP

_____/s/_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 700
Baltimore, Maryland 21201
Telephone: 410-779-6160
Facsimile: 410-779-6161
E-Mail: aiamele@iamelelaw.com
*Attorney for Claimants, Charles and Traci Casey*

HARE & WALCH, PC

_____/s/_____
David J. Hare, Federal Bar No. 14308
208 N. Centre Street
Cumberland, Maryland 21502
Telephone: 301-759-3833
Facsimile: 301-759-3222
E-Mail: aiamele@iamelelaw.com
*Attorney for Claimants, Charles and Traci Casey*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **3rd** day of March**, 2014**, a copy of the foregoing Motion to Compel Discovery and to Deem Request for Admissions Admitted was sent by way of this Court's electronic filing system and mailed with prepaid first-class postage to the following:

Stefan D. Cassella, Assistant U.S. Attorney
36 South Charles Street, Fourth Floor
Baltimore, MD 21201

/s/
Anton L. Iamele

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Civil No.: 13-cv-2494-SAG** |
| **$259,988.61 IN U.S. CURRENCY** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

Upon Consideration of the Plaintiff's Motion to Compel Discovery and to Deem Requests for Admissions Admitted and any reply thereto, it is by the Court this _____ day of _____, 2014, by the

ORDERED, that said Motion be and hereby is GRANTED; and it is further,

ORDERED, that Plaintiff shall immediately respond to Claimant's First Set of Interrogatories and Request for Production of Documents.

_____
Stephanie A. Gallagher
United States Magistrate Judge